**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRINCESS-CAT-EL,<br><br>     Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS d/b/a LABCORP,<br><br>     Defendant. | Case No. 1:24-cv-02852-JMC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**LABORATORY CORPORATION OF AMERICA HOLDINGS' MOTION TO DISMISS**

## **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| **I.** | **PRELIMINARY STATEMENT** ........................................................................... 1 | |
| **II.** | **FACTUAL BACKGROUND** ............................................................................... 1 | |
| **III.** | **LEGAL ARGUMENT** ......................................................................................... 2 | |
| | **A.** | **Breach of Contract** ................................................................................... 3 |
| | **B.** | **Libel** ......................................................................................................... 3 |
| | **C.** | **Medical Malpractice** ............................................................................... 4 |
| | **D.** | **Abuse of Process** ..................................................................................... 5 |
| **IV.** | **CONCLUSION** .................................................................................................... 6 | |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................2

*Brown v. Califano*,
    75 F.R.D. 497 (D.D.C. 1977) ..................................................................................3

*Coleman v. Washington Hosp. Ctr. Corp.*,
    734 F. Supp. 2d 58 (D.D.C. 2010) ...........................................................................4

*\*Diffenderfer v. United States*,
    656 F. Supp. 2d 137 (D.D.C. 2009) .........................................................................4

*Hall v. Hollywood Credit Clothing Co.*,
    147 A.2d 866 (D.C. 1959) .......................................................................................5

*\*Houlahan v. World Wide Ass'n of Specialty Programs & Schools*,
    677 F. Supp. 2d 195 (D.D.C. 2010) .........................................................................5

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271, 1276 (D.C. Cir. 1994) .......................................................................2

*\*McCrea v. District of Columbia*,
    No. 16-cv-0808 (TSC), 2021 WL 1209219 (D.D.C. Mar. 31, 2021) .......................4

*Messina v. Fontana*,
    260 F. Supp. 2d 173 (D.D.C. 2003) .........................................................................3

*Millennium Square Residential Ass'n v. 2200 M St. LLC*,
    952 F. Supp. 2d 234 (D.D.C. July 10, 2013) ...........................................................3

*\*Ning Ye v. Holder*,
    644 F. Supp. 2d 112 (D.D.C. 2009) .........................................................................3

*\*Rhodes v. U.S.*,
    967 F. Supp. 2d 246 (D.D.C. 2013) .........................................................................5

*\*Spiller v. District of Columbia*,
    362 F. Supp. 3d 1 (D.D.C. 2019) .............................................................................6

*\*Swanson v. Howard Univ.*,
    249 F. Supp. 3d 255 (D.D.C. 2017) .....................................................................2, 5

*Tefera v. OneWest Bank, FSB*,
    19 F. Supp. 3d 215 (D.D.C. 2014) ................................................................................3

*Whelan v. Abell*,
    953 F.2d 663 (D.C. Cir. 1992) .......................................................................................5

**Statutes**

*D.C. Code § 16-2802 ..................................................................................................4, 5

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ....................................................................2, 3

Federal Rule of Civil Procedure 12(b)(6) .....................................................................2

**I.     PRELIMINARY STATEMENT**

Laboratory Corporation of America Holdings ("Labcorp") submits this memorandum of law in support of its motion to dismiss the complaint filed on July 18, 2024 ("Complaint") by Plaintiff Princess Cat-El ("Plaintiff"). The Complaint, which consists of only four paragraphs, purports to allege four causes of action against Labcorp: breach of contract, libel, medical malpractice, and abuse of process. Plaintiff fails to allege any facts to support these claims or the elements necessary to establish a *prima facie* case. Accordingly, for the reasons set forth herein, Labcorp respectfully requests that the Court grant its motion and dismiss the complaint with prejudice.

**II.    FACTUAL BACKGROUND**

Plaintiff alleges that she is a Class A Commercial Motor Vehicle Operator. She received her commercial driver's license ("CDL") on June 15, 2006. ECF No. 1-1 at 7. Plaintiff alleges that in the time she has had her CDL, she has refrained from narcotic drug use and does not take prescription medication, but frequently takes over-the-counter allergy medication. *Id.*

Plaintiff alleges on July 9, 2024, she submitted a pre-employment alcohol and drug screening for the District Department of Public Works. *Id.* at 6. Plaintiff first took a breathalyzer test, which she passed, and then submitted a urine specimen for testing of the following narcotics: THC, COC, PCP, OPI, and AMP. *Id.* She alleges that the collector, Sean Cherry, witnessed her remove all items from her pockets and wash her hands before she went into the bathroom to provide the urine specimen. *Id.* at 6-7.

Plaintiff alleges that on July 16, 2024, she received a call from a woman regarding her test results. *Id.* at 7. She does not state whether the woman worked for Labcorp. Plaintiff claims that the woman said Plaintiff's test results were inconclusive. *Id.*

Plaintiff filed a complaint against Labcorp in the Superior Court of the District of Columbia – Civil Division on or about July 18, 2024 ("Complaint"). *Id.* at 3-4. Labcorp was not properly served with the Complaint. ECF No. 1 ¶ 3. On or about September 11, 2024, Labcorp received a copy of the complaint by regular mail to its address located at 1904 TW Alexander Drive, Durham, North Carolina, 27703. *Id.* ¶ 2. Despite the lack of proper service, on October 7, 2024, Labcorp timely removed the state court action to this Court. *See* ECF Nos. 1 to 1-3.

### III.   LEGAL ARGUMENT

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe the complaint liberally in the plaintiff's favor, and it should grant the plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Swanson v. Howard Univ.*, 249 F. Supp. 3d 255, 257 (D.D.C. 2017) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While complaints filed by *pro se* litigants may be held to less stringent standards than those applied to formal pleadings drafted by lawyers, Plaintiff does not allege any factual or legal basis for the causes of action

identified in the Complaint: breach of contract, libel, medical malpractice, and abuse of process. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). Thus, for the reasons set forth herein, the Complaint lacks the necessary "statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Califano*, 75 F.R.D. at 499 ("Yet despite the liberality envisioned by the rule, even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.").

### A. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 223 (D.D.C. 2014) (quoting *Millennium Square Residential Ass'n v. 2200 M St. LLC*, 952 F. Supp. 2d 234, 247 (D.D.C. July 10, 2013)). Plaintiff does not allege the existence of any express or implied contract between herself and Labcorp, let alone the remaining elements of the claim. Without the existence of a contract, there can be no breach of contract. Accordingly, this claim should be dismissed.

### B. Libel

To state a claim for libel, a plaintiff must allege: "(i) a false and defamatory statement was written by the defendant about the plaintiff; (ii) the defendant published it without privilege to a third party; (iii) the defendant exhibited some fault in publishing the statement; and (iv) the statement is actionable as a matter of law or the publication has caused the plaintiff special harm." *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 117 (D.D.C. 2009) (quoting *Messina v. Fontana*, 260 F. Supp. 2d 173, 176-77 (D.D.C. 2003)).

Here, Plaintiff does not make allegations regarding *any* statement by Labcorp, let alone that Labcorp wrote a "false and defamatory statement" about Plaintiff. Nor does the Complaint

allege that Labcorp published a statement to a third-party, or that Labcorp was at fault for publishing the alleged statement. Plaintiff also fails to allege any harm as a result of publication of a false statement. Accordingly, this claim should be dismissed.

### C. Medical Malpractice

Plaintiff's claim for medical malpractice fares no better. First, in the District of Columbia, "[a]ny person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action." D.C. Code § 16-2802(a). The notice must include "sufficient information to put the defendant on notice of the legal basis for the claim and the type and extent of the loss sustained, including information regarding the injuries suffered." D.C. Code § 16-2802(b). "A legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied." D.C. Code § 16-2802(c); *see also Diffenderfer v. United States*, 656 F. Supp. 2d 137, 139 (D.D.C. 2009) (quoting D.C. Code § 16-2802(c). "The notice requirement of the Act places a straightforward and minimal burden on all plaintiffs bringing medical malpractice suits." *See Coleman v. Washington Hosp. Ctr. Corp.*, 734 F. Supp. 2d 58, 61 (D.D.C. 2010) (citation omitted).

Here Plaintiff has not alleged that she filed notice in accordance with D.C. Code § 16-2802, because she has not filed any such notice. Thus, dismissal of her medical malpractice claim is required for this reason alone. *See, e.g.*, *Diffenderfer v. United States*, 656 F. Supp. 2d 137, 139 (D.D.C. 2009) ("Clearly, under the MMPA, a plaintiff who has not complied with the notice requirement of § 16-2802(a) has not stated a claim upon which relief can be granted."); *McCrea v. District of Columbia*, No. 16-cv-0808 (TSC), 2021 WL 1209219, at *13 (D.D.C. Mar. 31, 2021)

4

(dismissing *pro se* plaintiff's medical malpractice claim with prejudice for failure to comply with the notice requirement).

Further, Plaintiff has not pled the elements necessary to establish a *prima facie* case for medical malpractice: "(1) the applicable standard of care; (2) the fact that the defendant, through his or her actions or inactions, deviated from that standard of care; (3) and that a causal relationship exists between the defendant's deviation and the plaintiff's injuries." *Rhodes v. U.S.*, 967 F. Supp. 2d 246, 289 (D.D.C. 2013). The Complaint does not allege the standard of care, that Labcorp deviated from the standard of care, or a causal relationship between the alleged deviation and any injury to Plaintiff. Thus, even if Plaintiff had served the notice required by D.C. Code § 16-2802(a), the Complaint still should be dismissed for failure to state a claim.

### D. Abuse of Process

To state a claim for abuse of process, a plaintiff must allege: "'(1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.'" *Houlahan v. World Wide Ass'n of Specialty Programs & Schools*, 677 F. Supp. 2d 195, 199 (D.D.C. 2010) (quoting *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959)). "Abuse of process occurs in the District of Columbia when there is 'a perversion of the judicial process and achievement of some end not anticipated in the regular prosecution of the charge.'" *Swanson*, 249 F. Supp. 3d at 258 (quoting *Whelan v. Abell*, 953 F.2d 663, 670 (D.C. Cir. 1992)).

Plaintiff does not even allege the elements of the claim—ulterior motive and use of judicial process—let alone facts to state a claim. "The abuse of process tort covers the improper use 'of the judicial machinery,'" and Labcorp's testing of Plaintiff's urine sample does not involve the

5

judicial process, nor does Plaintiff allege that it does. *Spiller v. District of Columbia*, 362 F. Supp. 3d 1, 7 (D.D.C. 2019) (citation omitted). Accordingly, the claim should be dismissed.

## IV.     CONCLUSION

For the reasons set forth herein, Labcorp respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice.

Dated: October 15, 2024                                         **KELLEY DRYE & WARREN LLP**

By:    */s/ Melissa Byroade*
Melissa Byroade
D.D.C. Bar No. 1617393
D.C. Bar No. 1656192
Washington Harbour, Suite 400
3050 K Street, NW
Washington DC, 20007
Tel: (202) 342-8823
Fax: (202) 342-8451
mbyroade@kelleydrye.com

*Counsel for Defendant Laboratory Corporation of America Holdings*

6